FILED

UNITED STATES OF AMERICA
MIDDLE DISTRICT
ORLANDO DIVISION

2019 JUL 16 PM 1:54

[DISTRICT COURT
DISTRICT OF FLORIDA
ORLANDO, FLORIDA]

RUSSELL COLEMAN
    Plaintiff,

v.

ROBERT WILKIE, SECRETARY OF
VETERANS AFFAIRS
    Defendant

_____/

CASE NO.

6:19-CV-1303-ORL-37-GJK

## COMPLAINT AND DEMAND FOR JURY TRIAL

### STATEMENT OF THE CLAIM

The Plaintiff complains herein regarding unlawful act(s) of discrimination in violation of Title VII of the Civil Rights Act of 1964. The Plaintiff is seeking compensatory damages in this matter in excess of fifteen thousand dollars as well as all other relief that the law permits and this Honorable Court deems appropriate.

### PARTIES

1. The Plaintiff in this matter, Russell Coleman, is a resident of Orange County, Florida. At all times relevant to this complaint the Plaintiff was employed by the Defendant at its hospital facility in Orlando, Florida.

2. The Defendant in this case the Secretary of the Veterans Administration operated a health facility in Orange County, Florida, where it employed the Plaintiff and the matters complained about herein occurred.

## JURISDICTION

3. The court's jurisdiction in this matter is predicated upon Title VII of the Civil Rights act of 1964.

4. The Plaintiff timely contacted the Defendant's Office of Resolution Management and fully cooperated with the agency's investigative process. Therefore, he met all conditions precedent required to maintain this action. Any claim that the Plaintiff failed to participate with the agency investigation of this matter is entirely false.

## VENUE

5. Venue is proper in Orange County, Florida because all of the matters complained about herein occurred in Orange County, Florida.

## FACTUAL ALLEGATIONS

6. The Plaintiff is a service connected disabled veteran. The Plaintiff suffered a traumatic brain injury while serving on active duty in the United States Army.

7. At all times relevant to this lawsuit the Plaintiff was employed at the Defendant's Orlando Health Facility in Orlando, Florida. He was a GS-5 level Medical Services Assistant. In that capacity he worked in an environment where he was continuously belittled and referred to as stupid, dumb, retarded and brain damaged.

8. When the Plaintiff had enough of the demeaning behavior directed toward him he filed complaints regarding being harassed based upon his perceived disability. Withstanding his complaints management failed to take prompt and remedial action to end the harassment.

9. After the Plaintiff complained he was subjected to multiple write ups and ultimately, he was placed on a last chance agreement and then removed for allegedly violating the agreement.

10. The Plaintiff timely filed a charge of discrimination in which he alleged that he was subjected to unlawful retaliation because of his participation in prior protected activity. The EEOC dismissed the matter without a hearing and the Agency issued a final agency decision. The Plaintiff timely filed this action wherein he now complains about being subjected to retaliation and being subjected to a hostile work environment.

## COUNT I

11. The Plaintiff incorporates by reference the allegations contained within paragraphs 1-9, as though fully stated herein.

12. The Plaintiff participated in protected activity when he filed a complaint of discrimination wherein he complained about being subjected to discrimination based upon his disability.

13. After he complained about being subjected to harassment and other forms of discrimination, he was subjected to an adverse employment action. To wit, he was written up repeatedly for baseless things, placed on a Last Chance Agreement and ultimately terminated.

14. There is a causal connection between the Plaintiff's complaints of discrimination and him being written up repeatedly, him being placed on a Last Chance Agreement and him being terminated from his position. The management was aware of his protected activity, specifically, the decision maker that recommended his removal.

## COUNT II

15. The Plaintiff incorporates by reference as though fully stated herein all the allegations contained in paragraphs 1- 9.

16. The Plaintiff was subjected to un-welcomed harassment based upon his physical disability, he was continuously harassed and teased by his coworkers at the VA Medical Center in Orlando, Florida on a regular basis. He was called such names as stupid, idiot and brain damaged. The comments were both subjectively and objectively offensive.

17. The harassment was severe and pervasive. The harassment happened on a weekly basis and sometimes on a daily basis. The Plaintiff was also forced to work in a room by himself and was not given a key to the office where the rest of Medical Support Associates were assigned. He was isolated for the express purpose of humiliating him.

18. There is a lawful basis for holding the Defendant vicariously liable for the actions of the co-workers. The Plaintiff repeatedly complained to management about being demeaned by his coworkers and he also complained about being isolated from all others. However, management failed to take prompt and remedial action to cure the problem. Resultantly the harassing behavior continued. In fact, the problem intensified. Further, the Plaintiff was subjected to retaliatory treatment after he complained. He was written up multiple times. He was placed on a Last Chance Agreement and ultimately he was terminated for allegedly violating the Last Chance Agreement.

## DAMAGES

The Plaintiff is seeking all relief available to him under the law. He has suffered the loss of his annual salary and is therefore seeking back pay and reinstatement. Or, in the alternative to reinstatement, he is seeking front pay. He is also seeking compensation for emotional anguish that typically accompanies being subjected to unlawful discrimination. The Plaintiff is further

seeking compensation for reasonable attorney fees and to recoup all costs associated with initiating and maintaining this lawsuit.

/s/ Jerry Girley
Jerry Girley, Esquire
Florida Bar No: 35771
The Girley Law Firm, PA
125 E. Marks Street
Orlando, FL 32803
Tel: (407) 540-9866
Fax: (407) 540-9867
phyllis@thegirleylawfirm.com